IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )      Cr. No. 00-60112-HO
                                    )
                 v.                 )           ORDER
                                    )
BRIAN HOWARD ROBERTS,               )
                                    )
            Defendant.              )
_____ )

Defendant entered a plea of guilty to one count of manufacturing methamphetamine. Defendant was sentenced to 130 months imprisonment based in part on his career offender status related to his previous convictions in unrelated cases. On July 16, 2003, defendant filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 contending, among other things, that his counsel was deficient for failing to bring to the court's attention,

U.S.S.G. § 4A1.2, application note 3 during his sentencing.[1]  The motion was denied in part because application of the note demonstrated that defendant had been correctly sentenced.

Defendant is back before the court seeking relief from denial of his habeas request pursuant to Fed. R. Civ. P. 60(b).  Defendant now contends that the court mistakenly applied U.S.S.G. § 4A1.2, application note 3 because it was the result of an amendment in 1991 and cannot be applied to him Ex Post Facto.  Even assuming that reconsideration of defendant's habeas motion is properly made pursuant to Rule 60(b) and that the present motion does not in fact constitute a successive petition for habeas relief, the motion must be denied on the merits.[2]

Defendant contends that because his previous convictions, which resulted in his career offender status, all occurred prior to

---

[1]The application note states, in part, "[r]elated Cases. Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing...."

[2]Defendant's current motion raises a new constitutional issue that should have been raised in his first petition for habeas relief.  Defendant is incorrect that because the complained of guideline was mentioned in the previous motion that it is not a new claim because he did not raise an Ex Post Facto argument.  Indeed, defendant argued for the applicability of U.S.S.G. § 4A1.2, application note 3 in his previous motion.  Thus, defendant's current motion is nothing more than an attempt to circumvent the constraints on successive petitions.

the 1991 amendment, application of the guideline to him violates the Ex Post Facto Clause of the Constitution. Defendant's analysis is flawed in that it is not the timing of the underlying convictions in relation to the amendment that is assessed for purpose of an Ex Post Facto analysis. Rather, it is the date of the conduct which gives rise to the conviction for which defendant was sentenced. See, e.g., United States v. Smallwood, 35 F.3d 414, 417-18, n. 8. (9th Cir. 1994) (New guideline versions, including amendments, have no application to sentences for crimes, for which defendant is sentenced, committed before such guidelines' effective date if application would violate the ex post facto clause). Because it is the current offense that directs the analysis, and because defendant was sentenced for an offense that occurred after the amendment, defendant's motion must be denied.

CONCLUSION

For the reasons stated above, defendant's motion for relief from judgment (#52) is denied.

DATED this _30th_ day of August, 2006.

_Michael R Hogan_
United States District Judge

3 - ORDER